Gary A. Zipkin
Christina A. Rankin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com
       crankin@guessrudd.com
Attorneys for Allstate Insurance Company

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ZACHERY S. SUTER, | |
|     Plaintiff, | |
| v. | U.S. District Court Case No. 3:11-cv-_____ (___) |
| ALLSTATE INSURANCE COMPANY, | |
|     Defendant. | Superior Court Case No. 3AN-11-9552 CI |

### NOTICE OF REMOVAL

To:    Zachery S. Suter
       c/o Thomas E. Williams, Esq.
       Law Office of Thomas E. Williams
       11940 Business Boulevard, Suite 1000
       Eagle River, AK 99577

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Allstate Insurance Company, (hereinafter "Allstate"), by and through its attorneys, Guess & Rudd P.C., hereby removes to this court the state court action described below.

1.  Introduction

On June 29, 2011, plaintiff filed a suit in the Superior Court for the Third Judicial District at Anchorage, Alaska, entitled <u>Zachery S. Suter v. Allstate Insurance Company,</u> Case No. 3AN-11-9552 CI.

The Complaint alleges that, on October 31, 1998, while Mr. Suter was "pulled off the highway to assist an overturned vehicle, another vehicle traveling the Old Glenn Highway . . . struck Suter."[1] The Complaint further alleges that, "[a]t the time of the collision, Suter was insured by Defendant Allstate," but that the "policy was offered and sold in violation of AS 21.89.020.[2] According to the Complaint, Allstate breached its statutory obligations to Zachary Suter. Plaintiff's prayer for damages asks for "[a] judgment against Defendants for an amount in excess of $100,000" and includes a request for punitive damages.[3]

---

[1] See Exhibit A, Complaint ¶ 10.

[2] Id. ¶ 11 & 12.

[3] Id. at p. 13; prayer at ¶ 3.

This court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1446, Allstate has attached as Exhibit A all of the state court process, pleadings, and orders served upon it. This Notice of Removal is filed within thirty days after receipt by Allstate of a copy of the original summons and complaint. Id. Allstate has, simultaneously with this filing, also filed its Notice Re: Removal in the Superior Court for the Third Judicial District at Anchorage.

2. Argument

A. The Amount in Controversy Exceeds $75,000

Where a complaint sets forth a specific amount of damages in excess of the jurisdictional amount, the plaintiff's allegations are controlling.[4] Because plaintiff's Complaint here seeks compensatory damages in excess of $100,000, the requisite amount in controversy is satisfied.

B. Complete Diversity Exists As to All Parties

There exists complete diversity of citizenship between the relevant parties. The Complaint asserts that plaintiff Zachery S. Suter is a resident of the State of Alaska.

---

[4] See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283 (1938)).

Allstate has no reason to believe otherwise.[5] Allstate is an Illinois corporation with its principal place of business in Illinois. As such, Allstate is a citizen of the State of Illinois for diversity purposes. 28 U.S.C. § 1332(c)(1). Thus, there exists complete diversity of citizenship between the plaintiff and Allstate.

While not named in the caption of the Complaint, the summons and the body of the Complaint reference DOES 1-99 and alleges that at least Defendant Does 1 and 2 are residents of Alaska. However, pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, the citizenship of the Doe defendants is irrelevant, and there exists complete diversity of citizenship between the relevant parties.

### 3. Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, Allstate respectfully requests that this court assume full jurisdiction over this action.

---

[5] See Exhibit A.

DATED at Anchorage, Alaska, this 24th day of August, 2011.

GUESS & RUDD P.C.
Attorneys for Allstate Insurance Company

By: _____
Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
Email: gzipkin@guessrudd.com
Alaska Bar No. 7505048

## VERIFICATION FOR NOTICE OF REMOVAL

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

    Gary A. Zipkin, being of lawful age and being first duly sworn, deposes and says that he has executed the above Notice of Removal, that he has read the same, and that the matters therein set forth are true to the best of his knowledge, information, and belief, and that he has signed the same freely and voluntarily.

_____
Gary A. Zipkin

    SUBSCRIBED AND SWORN TO before me, a notary public, this 24th day of August, 2011.

[Notary Seal: KEENA LUKACINSKY, NOTARY PUBLIC, STATE OF ALASKA]

_____
Notary Public in and for Alaska
My Commission Expires: 10/1/11

CERTIFICATE OF SERVICE
I hereby certify that on the 24th day of August, 2011, I mailed a true and correct copy of the foregoing document to:

Thomas E. Williams, Esq.
Law Office of Thomas E. Williams
11940 Business Boulevard, Suite 1000
Eagle River, AK 99577

Guess & Rudd P.C.

By: _____
F:\DATA\6264\1\Pleadings\01 Notice of Removal.doc

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299