Tom Williams
Law Office of Thomas E. Williams
11940 Business Blvd Suite 1000
Eagle River Alaska 99577
(907) 694-4000

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

| ZACHERY S. SUTER, | |
|---|---|
| Plaintiff, | |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Defendants. | Case No.: 3AN-11-9552 CI |

## COMPLAINT

COMES NOW Plaintiff ZACHERY S. SUTER and hereby complains and alleges as follows. :

### JURISDICTION AND VENUE

1. At all times relevant herein, the Plaintiff Zachery S. Suter was a resident of the Third Judicial District, State of Alaska.

2. Zachery S. Suter is a permissive driver and resident relative to John P. Suter and Mary D. Suter, who are the named insured under policy number 087 840499 07/03 issued by Allstate Insurance Company, in effect on October 31, 1998.

3. Defendant Allstate Insurance Company (hereafter referred as AIC) is an Illinois corporation doing business in the State of Alaska. AIC, is a wholly owned subsidiary of the

Thomas E.
Williams
Attorney at Law
11940 Business
Blvd. Suite1000
Eagle River, AK
99577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appearance
3AN-11-_____ CI

Page 1

Allstate Corporation, a Delaware corporation that is a holding company for all the Allstate-related entities. AIC and their related entities utilize the same offices and agents who are as yet unknown and named in the above caption as DOES 1-99, and other claim personnel, underwriting facilities and other business assets and personnel. AIC has conspired with the other Defendants, DOES 1-99 in this case in formulating and operating under a common plan, scheme and design with regard to the offering, sale and adjusting of UM/UIM coverage and claims. AIC and are collectively referred to herein as "Allstate."

4. Upon information and belief Defendant DOE 1, was a resident of Alaska and was at all times relevant to this lawsuit, Allstate's Casualty Claims Manager.

5. Upon information and belief Defendant DOE 2, was a resident of Alaska and was, at times relevant to this lawsuit, a Senior Claims Representative for Allstate.

6. The act giving rise to this cause of action occurred in the Third Judicial District of Alaska.

7. The Court has subject matter jurisdiction over this action.

8. The Court has personal jurisdiction over the parties to this action.

9. Venue is proper in this Court

## ALLEGATIONS

10. On or about October 31, 1998, the Plaintiff, while operating an automobile on the Old Glenn Highway, pulled off the highway to assist an overturned vehicle. Another vehicle traveling the Old Glenn Highway drove off the roadway and struck Suter, pinning him between the two vehicles and caused his foot to be crushed. Suter sustained serious injuries including,

Thomas E. Williams
Attorney at Law
1940 Business Blvd. Suite 1000
Eagle River, AK 9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

undergone surgery, has suffered, and continues to suffer, severe chronic pain. Suter has experienced, and will continue to experience substantial loss of income.

11. At the time of the collision, Suter was insured by Defendant Allstate under an automobile policy with stated Bodily Injury coverage limits of $100,000 per person and $300,000 per accident and Uninsured/Underinsured Motorist (UM/UIM) coverage limits of $50,000 per person, $100,000 per accident.

12. The foregoing policy was offered and sold in violation of AS 21.89.020, which required that the insured be offered UM/UIM limits of $1 million per person, $2 million per accident. Pursuant to AS 21.89.020, insured have a statutory right to receive offers of higher limits of UM/UIM coverage upon purchase and upon renewal of the policy. Insureds also have a stator right to purchase higher limits of UM/UIM coverage. Neither of these valuable statutory rights may be disguised, misrepresented to limited by insurers. As a result of Allstate's failure to make the offer mandated by stature, UM/UIM coverage limits of $1 million per person, $2 million per accident were implied by operation of law at the time Suter was injured.

13. Suter settled his lawsuit against the uninsured at fault drive r for policy limits of $50,000 as provided in the UM/UIM portion of his automobile coverage as offered by Allstate, to include interests costs and fees also referred to as add-ons, for a final value of $64,720.

14. Suter signed a release of policy limits, in favor of Allstate on August 2, 2000.

15. Allstate knew that Suter was entitled to policy limits for the UIM insurance proceeds equal to the $100,000 bodily injury limits of the policy, not the $50,000.

Thomas E.
Williams
Attorney at Law
1940 Business
Blvd. Suite1000
Eagle River, AK
9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appearance
3AN-11-_____CI

16. Allstate claims personnel, including DOE 2, thereafter handled Suter's UIM claim. These Allstate personnel acted under the supervision and authority of defendant DOE 1. All acts of Allstate clams personnel were done in the course and scope of their employment with Allstate.

17. Beginning January 1, 1991, AS 21.89.020 (c) (d) required Allstate to offer UM/UIM coverage in amounts up to $1,000,000 per person, $2,000,000 per accident. The coverage required under (c) and (d) of this section can only be waived in writing by the insured in whole or in part. Allstate and other defendants failed to obtain a written waiver from the policy holders in this matter. Allstate and DOE 1 and DOE 2 knew that this statute required a legal offer and a written waiver. Courts in other jurisdictions had told Allstate what was required to make such an offer. Allstate has made such offers in other states. Allstate intentionally failed to do so in Alaska.

18. UM/UIM coverage is modestly priced protection for an insured, his family and passengers. Allstate willfully failed and refused to offer this beneficial coverage to its insureds. The UM/UIM selection/rejection forms used by Allstate did not explain the benefits of increased coverage. The forms did not create a power of acceptance in the insured. The forms materially misrepresented the coverage Allstate was legally required to offer.

19. Allstate's scheme to frustrate and defeat the rights and protections created by AS 21.89.020 further included actions and practices intended to discourage insureds from selecting higher UM/UIM coverage limits. These practices included, for example sending selection/rejection forms to insureds with selection boxes pre-checked by Allstate agents for low limit UM/UIM coverage and sending forms to insureds falsely stating that their only options were purchasing UM/UIM coverage with limits equal to their bodily liability limits, purchasing

Thomas E.
Williams
Attorney at Law
1940 Business
Blvd. Suite 1000
Eagle River, AK
9577
(907) 694-4000
(907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

UM/UIM coverage with limits less than their bodily injury liability limits, or completely rejecting UM/UIM coverage. These actions and practices were undertaken by Defendants with the intent of frustrating and defeating insureds' statutory rights to receive offers of higher limits of UM/UIM coverage and to purchase higher limits of UM/UIM coverage.

20. Allstate failure to offer required UM/UIM coverage and its scheme to discourage the selection of higher UM/UIM coverage results in implied-at-law maximum statutory UM/UIM limits of $1,000,000 per person, $2,000,000 per accident (plus add-ons)

21. Allstate's scheme, pattern and practice of using false and deceptive communications to its insureds including, but not limited to, utilizing selection/rejection forms that falsely define who is an uninsured or underinsured driver and notice forms that falsely stated that insureds could not purchase UM/UIM coverage limits in excess of liability limits, constitutes violations of AS 21.89.020; AS 21.36.040; AS 21.36.125; and AS 21.36.360.

22. Allstate owed Suter a duty of good faith and fair dealing under the policy. This duty included the obligation to fully disclose all relevant benefits and other provisions of coverage under which a claim may be covered, to conduct a prompt, thorough investigation of the claim, and to promptly offer a fair, reasonable amount to settle the insured's claim. These duties were part of Allstate's special fiduciary relationship to its insured.

23. DOES 1&2, and other agents and employees of Allstate owed Suter a duty to avoid intentionally tortuous conduct and a duty to exercise reasonable care in fulfilling Allstate's fiduciary duties. These duties included the obligation of good faith; honesty; candor; prompt and fair claims handling including thorough investigation and evolution; compliance with applicable

Thomas E. Villiams
Attorney at Law
1940 Business Blvd, Suite 1000
Eagle River, AK 9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appearance
3AN-11-_____CI

Page 5

statutory regulations and full disclosure of all relevant benefits and other prevision of coverage under which a claim may be covered. See AS 21.36.125; 3 AAC 26.060.

24. As Allstate's Casualty Claims manager, DOE 1, was in charge of and responsible for Allstate's claim practices and claim with Alaska. This included training Allstate claims personnel; compliance with Alaska insurance regulations and laws; monitoring of claims investigation; evolutions of claims handling; evolution and/or establishing of reserves; granting settlement authority, reporting on claims handling; home office communications and referrals; implementation of and compliance with Allstate procedures; and numerous other aspects of Allstate's practices and procedures regarding handling UM/UIM motorist claims in Alaska.

25. Upon information and belief Allstate and DOES 1&2 were aware with the class action lawsuit entitled Cynthia Dayton v. Allstate Insurance Company, United States District Court for the District of Alaska, Case No. J95-013CIC (hereinafter "Dayton"). That class included Allstate insureds who had received the facial limit of their UM/UIM coverage and who had not executed an Allstate UM/UIM "selection/rejection" form. The UM/UIM policy limit for class members was increased as a result of settlement of that litigation. At least from the time of the Dayton litigation, DOES 1&2 were aware of the requirements of AS 21.89.020; the fact that Allstate had not complied with this statute; and that Allstate had paid additional UM/UIM benefits to certain Allstate insureds.

26. Allstate, DOES 1&2 and other agents and employees of Allstate engaged in a pattern, practice and scheme to defeat the rights and protections created by AS 21.89.020. This scheme of wrongful practice and procedures included: (a) offering policies for sale in violation of AS 21.89.020; (b) failing to obtain written waivers from policy holders and offer increased

Thomas E.
Williams
Attorney at Law
1940 Business
Blvd. Suite1000
Eagle River, AK
9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

limits to insureds; (c) failing to advise insureds of Allstate's failure to make the statutorily required offers of UM/UIM coverage and the resulting increase in UM/UIM coverage limits; (d) misrepresenting to insureds that they were receiving all available UM/UIM benefits; (e) deliberate monitoring, evaluation, and approval of deceptive, bad faith handling of UM/UIM claims by Alaska claims personnel; and (f) deliberate, authorized and approval bad faith settlement of UM/UIM claims, without disclosure or payment of true limits.

27. Allstate's deceptive and bad faith practices and procedures, followed by its agents and employees deliberately did not disclose to Suter that the limits of UIM coverage under the policy were $1 million per person, $2 million per accident (plus add-ons).

28. The foregoing tortuous acts, practices and procedures were carried out by Allstate and its Claims personnel, acting in concert to defeat UM/UIM claims by an unlawful scheme, including concealment of coverage and limits, misrepresentations, fraud, and other improper acts. The purpose of this conspiracy, practices and scheme was to misrepresent and conceal policy benefits from plaintiff, and thereby deprive him of the benefits to which he is entitled.

29. Suter was a member of a Class Action against Allstate, Case No. 3AN-02-7154, filed on May10, 2002 wherein the identical claims have been made and are currently pending.

30. *Prima Facie* Bad Faith has been established with regard to Defendant Allstate per Judge Tan's order in Case No.: 3AN-02-7154 CI, dated January 12, 2011. Specifically, First *Prima Facie* Bad faith; "for illegally advising insureds that they could not purchase UM/UIM coverage greater than their liability coverage."; Second *Prima Facie* Bad Faith "that Allstate discouraged purchase of higher UM/UIM limits by pre-checking policy forms"; Third *Prima*

Thomas E.
Williams
Attorney at Law
1940 Business
Blvd. Suite 1000
Eagle River, AK
9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

*Facie* Bad Faith "for the period after the July 1, 1997 repeal of AS 28.20.445(h). SLA 1997 Ch.81§115".

31. That the implied in-law remedy has been established with regard to Defendant Allstate per Judge Tan's order in Case No.: 3AN-02-7154 CI, dated January 12, 2011, stating that the remedy is granted and limited to equal to an insureds policy limits.

32. Per Judge Tan's Order, Suter is entitled to up to $100,000 UM/UIM policy limits.

33. Defendants conduct is intentionally designed to discourage, delay and deny and coerce its own insured by the claims process and practices engaged in that is recklessly indifferent to the rights of its own insured.

34. That the Defendants are liable to Plaintiff for exemplary and punitive damages to be more fully set forth at trial, all in an amount in excess of ONE HUNDRED THOUSLAND ($100,000.00) DOLLARS, the exact amount to be set by the trier of fact.

## FIRST CAUSE OF ACTION
Count I- Claim for Damages Based on Violation of AS 21.89.020

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. As a result of Defendants' failure to offer UM/UIM coverage in accordance with AS 21.89.020; the failure to offer increased limits to insureds where no valid selection/rejection form exists; and the other wrongful acts and practices alleged above, Suter is entitled to damages, including punitive damages, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
Count II-Breach of the Covenant of Good Faith and Fair Dealing - Bad faith

37. Paragraphs 1 through 36 are incorporated herein by reference.

Thomas E. Williams
Attorney at Law
1940 Business
Blvd. Suite1000
Eagle River, AK
9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____ CI

38. Allstate has breached the covenant of good faith and fair dealing. The wrongful conduct of Defendants in depriving insureds of their statutory rights to be offered and to purchase increased limits; in failing to offer increased limits where no valid selection/rejection form exists, in failing to advise insureds of Allstate's non-compliance with AS 21.89.020; in systematically undervaluing and delaying claims; in forcing insureds to litigate to obtain reasonable compensation for their injuries and damages; and in committing the other wrongful act and practices alleged above constitutes a violation of Defendants' fiduciary duties and tortuous bad faith.

### THIRD CAUSE OF ACTION
#### Count III- Claim for damages Based on Additional Statutory Violations

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The scheme, pattern and practices of Defendants in using false and deceptive communications with insureds including, but not limited to utilizing selection/rejection forms that falsely define who is an uninsured or underinsured driver; utilizing notice forms that falsely stated that insureds could not purchase UM/UIM limits in excess of liability limits; failing to advise insureds of Allstate's failure to make the statutorily required offers of UM/UIM coverage and the resulting increase in UM/UIM coverage limits; failing to advise insureds that there were –at a minimum- serious and substantial question about the legal adequacy of Allstate's Um/UIM selection forms and a possible increase in coverage limits; failing to advise insureds that Allstate had paid additional UM/UIM benefits beyond stated UM/UIM policy limits to various Allstate insureds both within and without the Dayton class; and misrepresenting to insureds that they were receiving all available UM/UIM benefits, constitute violations of AS 21.36.030 (a)(1) and (a) (11); AS 21.36.040; AS 21.36.125 (a)(1); and/or AS 21.36.360 (a)(o) and (p).

Thomas E. Williams
Attorney at Law
1940 Business Blvd. Suite 1000
Eagle River, AK 9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

41. Suter is entitled to damages from Defendants based on these violations, including punitive damages, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
Count IV- Claim for Damages for Intentional or Negligent Mishandling of Claims

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. The wrongful conduct of DOES 1-99 including, but not limited to, failing to offer increased limits to insureds where no valid selection/rejection form exists; failing to advise insureds of Allstate's failure to make the statutorily required offers of UM/UIM coverage and the resulting increased in UM/UIM coverage limits; failing to advise insureds that there were —at a minimum — serious and substantial questions about the legal adequacy of Allstate's UM/UIM selection dorms and a possible increase in coverage limits; failing to advise insureds that Allstate had paid additional UM/UIM benefits beyond states UM/UIM policy limits to various Allstate insureds both within and without the Dayton class; misrepresenting to insureds that they were relieving all available UM/UIM benefits; systematically undervaluing and delaying claims; and forcing insureds to litigate to obtain reasonable compensation for their injuries and damages; constitutes intentional or reckless mishandling of claims. In the alternative, it constitutes negligent mishandling of claims.

44. Suter is entitled to damages from defendant, including punitive damages, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
Count V- Claim for Damages Based on Misrepresentation

45. Paragraphs 1 through 44 are incorporated herein by reference.

Thomas E. Williams
Attorney at Law
1940 Business Blvd. Suite 1000
Eagle River, AK 9577
907) 694-4000
907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-____CI

Page 10

46. The wrongful conduct of Defendants Allstate, and Does 1-99 including, but not limit to, utilizing false and misleading insurance forms and notices that were not in accordance with Alaska as regarding mandatory UM/UIM limits, and providing false and misleading representations to insureds that they were receiving all available UM/UIM benefits, constitutes intentional or reckless misrepresentation. In the alternative it constitutes negligent misrepresentation.

47. Suter is entitled to damages from Defendants, including punitive damages, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### Count VI- Claim for Damages Based on Non-Disclosure

48. Paragraphs 1 through 47 are incorporated herein by reference.

49. The wrongful conduct of Defendant Allstate, DOES 1-99 including, but not limit to, using insurance forms and notices that were misleading and not in accordance with Alaska laws regarding mandatory UM/UIM limits; failing to advise insureds of Allstate's failure to make the statutorily required offers of UM/UIM coverage and the resulting increase in UM/UIM coverage limits; failing to advise insureds that there were-at a minimum – serious and substantial questions about the legal adequacy of Allstate's UM/UIM selection forms and a possible increase in coverage limits; failing to advise insureds that Allstate had paid additional UM/UIM benefits beyond stated UM/UIM policy limits to various Allstate insureds both within and without the Dayton class, and failing to tell insureds the truth about artificially low evaluations under CCPR and Colossus and "tuned" Allstate constitutes intentional or reckless non-disclosure. In an alternative, it constitutes negligent non-disclosure.

Thomas E. Williams
Attorney at Law
1940 Business Blvd. Suite1000
Eagle River, AK
9577
?07) 694-4000
?07) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____CI

50. Suter is entitled to damages from Defendant, including punitive damages, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Count VII- Claim for Damages Based on Civil Conspiracy

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. The explicit and/or implicit agreement of Allstate, and DOES 1-99 and other agents and employees of Allstate to support the scheme to frustrate and defeat the rights and protections created by AS 21.89.020 and AS 21.36.125 (a) (1)-(8), constitute the tortuous aiding and abetting of Allstate's breach of fiduciary duty.

## EIGHTH CAUSE OF ACTION
### Count VIII- Declaratory Judgment Based on Violation of AS 21.89.020

53. Paragraphs 1-52 are incorporated herein by reference.

54. As a result of Defendants' failure to offer UM/UIM coverage in accordance with AS 21.89.020 and the other wrongful act and practices alleged above, Suter is entitled to a declaration that the implied at-law UM/UIM coverage limits under the policy at the time of his injury are equal to the insureds Bodily Injury policy of $100,000 per person, $300,000 per accident.

## PRAYER FOR RELIEF

WHEREFORE, having fully pled Plaintiff's complaint, Plaintiff requests that the Court:

1. Declare that defendants have failed to make legally sufficient offers of UM/UIM coverage in accordance with AS 21.89.020;

2. Award Suter compensatory damages (including, but not limited to, increase UM/UIM limits, damages for claims undervaluation, financial distress, mental and emotional

Thomas E. Williams
Attorney at Law
1940 Business
Blvd. Suite 1000
Eagle River, AK
9577
907) 694-4000
907) 694-1766

distress and delay damages) together with punitive damages, against Allstate, DOES 1-99 in the amounts proved at trial;

3. A judgment against Defendants for an amount in excess of $100,000.00 to be established by the trier of fact, plus prejudgment interest, post judgment interest, costs and Rule 82 attorney's fees as provided by law, punitive damages and such other relief as the court deems just.

DATED this _____ day of July, 2011.

                        LAW OFFICES OF THOMAS E. WILLIAMS
                        Attorney for Plaintiff

                        _____
                        Thomas E. Williams
                        ABA #7410115

Thomas E. Williams
Attorney at Law
1940 Business
Blvd. Suite1000
Eagle River, AK
9577
(907) 694-4000
(907) 694-1766

SUTER v. ALLSTATE
Complaint, Entry of Appaerance
3AN-11-_____ CI